Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10192 | **DATE** | 3/4/2013 |
| **CASE TITLE** | Joseph Wilkins, Jr. vs. Cook County Dep't of Corr. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 12), is granted. The full three hundred and fifty dollar filing fee is waived. The case is dismissed because the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is instructed to enter a judgment in favor of defendants against plaintiff. Plaintiff's motion for appointment of counsel, (Dkt. No. 3), motion to amend (Dkt. No. 9), motion for change of venue (Dkt. No. 11), and any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Joseph Wilkins has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Although the suit arises out of Wilkins's time detained at the Cook County Jail, he filed the suit after his release. Consequently, the requirements of the Prison Litigation Reform Act do not apply to this case. 42 U.S.C. § 1997e(h); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). Pending before the Court are plaintiffs' motion for leave to proceed *in forma pauperis* (Dkt. No. 12), and complaint for review under 28 U.S.C. § 1915 (e)(2)(B)(ii), (Dkt. No. 1).

    Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 12), is granted because plaintiff demonstrates that he is impoverished. The full three hundred and fifty dollar filing fee is waived.

    The case must be dismissed because the complaint fails to state a claim. The Court is required to dismiss the case immediately under 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has sought IFP status.

    The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

# STATEMENT

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff claims that on December 13, 2012, there was a non food product in his food tray served to him at the Cook County Jail. This item made him severely sick and he began vomiting. Plaintiff complained to correctional officers defendants that he was ill. The officers initial said they would get him treatment, but then learned that plaintiff had been bonded out of jail. Consequently, the officers released him instead of sending him for medical treatment at a jail facility. Plaintiff went to a local emergency room where he received medical care for abdominal pain. The hospital sent him home after the visit.

The complaint fails to raise a cognizable claim. Regarding the non food item in his food, plaintiff does not allege that this food item was intentionally placed there. To state a claim, plaintiff must plausibly suggest intentional wrongdoing under the deliberate indifference standard and he fails to do this. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). Although having a non food item in his tray is certainly unpleasant, there is no constitutional violation when the item was placed there due to a simple error.

Regarding the lack of medical, while an inmate is detained, the government is required to provide, among other things, proper medical care. This is due to the fact that inmate is detained and cannot obtain treatment on his own. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, when a citizen is not detained and therefore able to help himself, the government has no obligation to provide him aid. *Paine v. Cason*, 678 F.3d 500, 507 (7th Cir. 2012) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189 (1989)). Thus, the government's obligation to provide plaintiff medical care was terminated when he made bail and was eligible for release.

Importantly, the government did not place plaintiff in a situation where he was unable to obtain medical aid on his own or faced an inherently dangerous situation once he was released. *Paine*, 678 F.3d at 510-11. Plaintiff left the jail and went to a local emergency room where he obtained medical care on his own.

In conclusion, there can be no constitutional claim in this case. The fact plaintiff was made sick does not raise a claim under the constitution. Furthermore, the government had no obligation to cure plaintiff's illness because he was released from jail and had the ability to help himself which he did when as he went to the emergency room. The case is dismissed for failure to state to claim. Plaintiff's other pending motions are denied as moot.